IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY P. DATTO, Ph.D. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THOMAS JEFFERSON UNIVERSITY, et al. | : | NO. 08-2154 |

MEMORANDUM AND ORDER

McLaughlin, J.                                                          March 3, 2009

      In this action, plaintiff Jeffery P. Datto, Ph.D., challenges his removal from the M.D./Ph.D. program of Thomas Jefferson University ("Jefferson"). Datto contends his removal was a result of performance issues that were caused by side effects from medication that he had been prescribed for bipolar disorder, for which the hospital refused to make reasonable accommodation.

      This action was filed in the Philadelphia Court of Common Pleas. While the action was pending in state court, Datto amended his complaint three times. Datto's initial complaint and first two amended complaints contained only state law claims; the third added a federal claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

      After the third amended complaint was filed, the defendants removed the case to this Court and filed a motion to dismiss all claims. Datto opposed the motion and moved to amend the complaint to add additional factual allegations and another

federal claim under the Rehabilitation Act of 1973, 20 U.S.C. § 794. After these motions were briefed, Datto requested a short stay to retain new counsel, which the Court granted. Datto was unable to retain new counsel during the stay, and after the stay expired, his counsel, with Datto's agreement, filed a motion to withdraw, which the defendants have opposed.

Datto has now filed another motion, styled as one seeking to have the Court "exercise supplemental jurisdiction or in the alternative remand." In the motion, Datto states that he has two other related suits against Jefferson pending in Pennsylvania state court. One, which the plaintiff refers to as "Datto II" is a medical malpractice action against Jefferson and other defendants concerning the diagnosis and treatment Datto received for bipolar disorder; the other, "Datto III," is a wrongful termination and discrimination lawsuit against Jefferson that the plaintiff says raises claims that are similar or identical to the claims in this lawsuit. Datto says that he would like to have all three suits tried together in the same court and asks that the Court either a) "assert supplemental jurisdiction" over the pending state law suits to remove them to this Court; b) rule that the defendants' removal of this suit was improper and remand it to state court; or c) permit Datto to amend his complaint and drop his federal ADA claim and then remand the remaining state law claims to state court.

The defendants, in opposition to this motion, argue that the Court has no authority to exercise jurisdiction over related claims pending in state court and that any objections to removal are untimely. They oppose Datto's request to drop his federal claim and have the case remanded as an improper attempt to manipulate the forum and ask that the Court retain jurisdiction over the action. In the alternative, they request that if the Court allows the federal claim to be dismissed, any dismissal should be with prejudice, and if the Court allows the case to be remanded, Datto should be required to pay the defendants' costs and fees incurred in litigating in a federal forum.

By separate Order, the Court has granted Datto's counsel's motion to withdraw. In this Memorandum and Order, the Court will now grant Datto's motion to voluntarily dismiss his federal claim and will remand this case to state court.

Of the three arguments Datto makes in his motion, the first two are unavailing. Datto's request to have this Court "assert supplemental jurisdiction" over his suits pending in state court fails because the statute authorizing supplemental jurisdiction, 28 U.S.C. § 1367, is not a removal statute. Section 1367 authorizes a federal court to exercise supplemental jurisdiction over state law claims that are part of the same case or controversy as claims over which the court otherwise has jurisdiction. Those state law claims, however, have to be

originally brought in federal court or properly removed to federal court under the removal statutes, 28 U.S.C. § 1441 et seq. Section 1367 does not, itself, authorize removal. The removal statutes allow <u>defendants</u> to remove cases filed against them, but do not apply to plaintiffs. See § 1441(a). Plaintiffs have the opportunity to chose their preferred forum when they file their suit, and Congress has therefore not given them the statutory right to remove their own cases after they have chosen a state forum.

Datto's second argument is that the case should be remanded because the defendants failed to follow the proper procedure for removal by not attaching either the plaintiff's complaint or several previously-issued state court orders to their notice of removal as required by 28 U.S.C. § 1448(a). This argument is untimely. A motion to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). The defendant's notice of removal was filed May 8, 2008, and this motion was not filed until February 2, 2009.

Datto's third argument is that he should be allowed to voluntarily dismiss his sole federal claim, brought under the ADA, and that the Court should then decline to exercise supplemental jurisdiction over his remaining state law claims and

remand them to state court. The defendants have objected to this request as an improper attempt to forum shop.

Datto's request for permission to voluntarily dismiss his federal ADA claim is governed by Rule 41 of the Federal Rules of Civil Procedure. Motions to voluntarily dismiss some but not all of a plaintiff's claims "should be allowed unless [the] defendant will suffer some prejudice other than the mere prospect of a second lawsuit." In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 863 (3d Cir. 1990) (citing 5 J. Moore, Moore's Federal Practice ¶ 41.05[1], at 41-62 (1988)). Here, the prejudice raised by the defendants relates only to the remand of the plaintiff's state law claims and the return of this case to state court, not to the dismissal of the federal claim.

Datto's request to have his state law claims remanded to state court is governed by 28 U.S.C. § 1367(c), which provides that a district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction. In such a situation, a district court must decline to decide the pendent state claims unless considerations of "judicial economy, convenience, and fairness to the parties" provide an affirmative justification for doing so. Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (citing Borough of W. Miflin v. Lancaster, 45 F.3d 780, 787 (3d Cir. 1995)).

The defendants' principal argument against remanding Datto's state law claims is that Datto is seeking to manipulate the forum in which his claims are heard. They note that the United States Supreme Court cautioned against exactly these "manipulative tactics" in Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988).

At issue in Carnegie-Mellon was whether, in a case involving both federal and state claims, a district court had discretion to remand pendent state-law claims after the federal claims had been dismissed. The Supreme Court held that a district court had such discretion. In so finding, the Supreme Court considered the possibility "that a plaintiff whose suit has been removed to federal court will be able to regain a state forum simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case." Id. at 357. The Supreme Court held that the possibility that a plaintiff might engage in such "manipulative tactics" did not warrant denying district court the discretion to remand claims. Instead, the Court held that district courts could guard against such "forum manipulation" by taking such behavior into account in "determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." Id. Carnegie-Mellon therefore does not suggest that a plaintiff's desire to avoid a federal forum prevents a district court from exercising its discretion to

remand pendant claims. Instead, it requires only that the plaintiff's forum-manipulating motivation be considered in weighing the factors relevant to remand.

The United States Court of Appeals for the Third Circuit permitted the remand of state law claims in circumstances very similar to those here in <u>Trans Penn Wax Corp. v. McCandless</u>, 50 F.3d 217 (3d Cir. 1995). In <u>McCandless</u>, a group of employees brought federal RICO and state law contract and tort claims against their employer and its corporate affiliates alleging the defendants induced them to decertify their union in return for false promises of job security. The defendants removed the case to federal court, and the plaintiffs sought to return to state court by dismissing their RICO claims and having their remaining state law claims remanded. The district court followed <u>Carnegie-Mellon</u> and weighed considerations of "economy, convenience, fairness, and comity," as well as the plaintiff's "manipulative tactics," and granted the plaintiffs' request, finding that the action was "better suited to be adjudicated by Pennsylvania courts." <u>Id.</u> at 233. The defendants then sought a writ of mandamus to prevent the remand. The Third Circuit Court of Appeals denied the writ, finding the district court "acted within its sound discretion in remanding after the employees withdrew their federal claims." <u>Id.</u> at 220.

The Court believes that, as in <u>McCandless</u>, the balancing of considerations of judicial economy, convenience,

comity, and fairness to the parties supports the remand of this case, despite Datto's admitted purpose of seeking to manipulate in which forum this case is heard.

Of these considerations, the most weighty is judicial economy. Datto has filed three separate law suits against Jefferson, two now pending in state court and this case. One of the state court law suits raises claims that the parties concede are substantively identical to those here. The interests of both the parties and the judicial system are best served by having these substantively identical suits tried in the same court. The defendants themselves concede that they would prefer not to be "forced to litigate in (thus far) three separate judicial actions in federal and state court." Opp. Br. at 2. Already the pendency of related lawsuits in different fora is complicating efforts to manage these cases. The dockets of the state court medical malpractice action ("Datto II"), attached to Datto's motion, show a stipulated order prohibiting the plaintiff from taking depositions until the parties reach an agreement to avoid duplicative discovery between the pending cases.

The defendants argue that, if this case is remanded, Datto may seek to re-plead his federal ADA claim in state court, which would then allow the defendants to remove, returning the case to the exact same procedural posture it is now in. The Court believes this possibility is too speculative to outweigh the benefits of remand. Datto has not expressed an intention to

re-file his ADA claim in state court, and any attempt to do so would require court-approval. The defendants have asserted that the ADA claim is time-barred and could therefore oppose any amendment on futility or other grounds. Even if leave to amend were granted and the ADA claim re-plead, the defendants would have the option to decline to again remove the case, if they believed the benefits of a federal forum were outweighed by the conceded advantages of having all Datto's suits tried in one forum.

Datto also states in his reply brief in support of this motion that he intends to add a federal Rehabilitation Act claim to the pending state court suit he refers to as Datto III. Datto has also sought to add a Rehabilitation Act claim to this suit in his motion to amend. As with the ADA claim, whether these claims will be successfully added to Datto's suits and whether the defendants will seek to remove on the basis of them is speculative.

The Court believes that the best way to resolve the procedural difficulties in these three pending cases is to grant the plaintiff's motion and remand this case to state court. Once all three cases are pending in the same forum, the issues raised by any attempt to add additional federal claims to these suits can be dealt with in that one forum. Such a result best serves the interests of judicial economy, convenience, comity, and fairness to the parties that the Court is charged to consider.

The Court will deny the defendants' request to impose attorneys' fees and costs upon the plaintiff. Although such an award is permitted under 28 U.S.C. § 1447(c), its imposition is left to the discretion of the court. The Court does not believe the plaintiff's conduct to be deliberate or taken in bad faith, nor has the defendant made a compelling showing of any serious prejudice from the plaintiff's actions.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY P. DATTO, Ph.D. | : | CIVIL ACTION |
| v. | : | |
| THOMAS JEFFERSON UNIVERSITY, et al. | : | NO. 08-2154 |

ORDER

AND NOW this 3rd day of March, 2009, upon consideration of the Plaintiff's Motion to Exercise Supplemental Jurisdiction or, in the Alternative, Remand (Docket No. 27), and the response thereto, IT IS HEREBY ORDERED, for the reasons set out in a Memorandum of today's date, that the Motion is GRANTED, as follows:

1. The plaintiff's request to voluntarily dismiss his claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (Counts V and VI of the operative Third Amended Complaint) is GRANTED and those claims are DISMISSED.

2. The Court declines to exercise supplemental jurisdiction over the remaining claims of the complaint, which raise only issues of state law, and this case is REMANDED to the Court of Common Pleas of Philadelphia County, Pennsylvania.

3. The defendants' request for an award of costs and fees under 28 U.S.C. § 1447(c) is DENIED.

4. The Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (Docket No. 3) and the Plaintiff's Motion for Leave to File an Amended Complaint (Docket No. 16) are DENIED

AS MOOT WITHOUT PREJUDICE to the parties' ability to refile them in state court.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.